JS-6

FILED
CLERK, U.S. DISTRICT COURT
5/18/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: ___CW___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| GARY SCHERER,<br><br>Plaintiff,<br><br>v.<br><br>NEWPORT COUNTRY INN AND SUITES, INC. and DOES 1-10,<br><br>Defendant. | Case No.: SACV 21-00653-CJC (DFMx)<br><br>ORDER DECLINING SUPPLEMENTAL JURISDICTION AND *SUA SPONTE* REMANDING CASE TO ORANGE COUNTY SUPERIOR COURT |

On February 17, 2021, Plaintiff Gary Scherer filed the instant lawsuit in Orange County Superior Court against Defendant Newport Country Inn and Suites, Inc., alleging violations of the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("Unruh Act"). (Dkt. 1 Ex. 1 [Complaint].) Defendant subsequently removed the case to this Court based on the federal question posed by Plaintiff's ADA claim. (Dkt. 1 [Notice of Removal].)

-1-

On May 7, 2021, Plaintiff amended his Complaint and dropped his ADA claim, the sole federal claim, leaving only state law claims for violations of the Unruh Act and California's Unfair Competition Law. (Dkts. 12–13.) As a result, the Court ordered the parties to show cause as to why the Court should not decline supplemental jurisdiction over the remaining state law claims and remand the case. (Dkt. 14.)

Because Plaintiff filed an amended complaint which eliminated his sole federal claim, the cause of action on which the Court's original jurisdiction rested is now gone. *See Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1209 (C.D. Cal. 2013). "Under § 1367(c)(3), therefore, the [C]ourt can properly exercise its discretion to remand the supplemental state law claims." *Id.* at 1209–10; *see San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998) (stating that the Ninth Circuit does not require "any [] explanation for a district court's reasons when the district court [declines jurisdiction] under [§1367(c)(1–3)]"). In determining whether to remand supplemental state law claims, courts are generally instructed to consider the factors of "judicial economy, convenience and fairness to litigants." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). These factors weigh strongly in favor of remand where all federal claims are dismissed before trial. *See Horne*, 969 F. Supp. 2d at 1207–08, 1210; *see also Millar v. Bay Area Rapid Transit Dist.*, 236 F. Supp. 2d 1110, 1119 (N.D. Cal. 2002) (noting that "[t]he factor of comity also weighs strongly in favor of remand" when "plaintiff now proceeds exclusively on his state claims"); *Bay Area Surgical Mgmt. v. United Healthcare Ins. Co.*, 2012 WL 3235999, *5 (N.D. Cal. Aug. 6, 2012) (court declined to exercise supplemental jurisdiction and remanded the case "in the interests of judicial economy, convenience, fairness, and comity," when "the federal claims were eliminated at the pleading phase"). Accordingly, the Court **DECLINES** to exercise

supplemental jurisdiction and *sua sponte* **REMANDS** the case to Orange County Superior Court.[1]

DATED: May 18, 2021

_____
HON. CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15.